IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES CAVANAUGH, on behalf of himself and all other persons similarly situated, known and unknown, | )<br>) Case No.<br>)<br>) Judge |
| Plaintiff, | ) |
| v. | ) |
| LYTX, INC. | ) |
| Defendant. | ) |

CLASS ACTION COMPLAINT

James Cavanaugh ("Plaintiff") files this Class Action Complaint ("Complaint") against Lytx, Inc. ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

**SUMMARY OF CLAIMS**

1. Defendant is a technology company that provides telematics products to fleet operators.

2. One of Defendant's products is an in-vehicle video camera device that incorporates machine vision and artificial intelligence ("MV+AI Technology"). https://www.lytx.com/en-us/about-us/our-technology/machine-vision-artificial-intelligence (describing MV+AI technology incorporated in all dash cam devices) (all links last visited October 7, 2021).

3. The following is a picture of Defendant's in-vehicle camera device called the DriveCam Event Recorder:

1



https://www.lytx.com/en-us/fleet-management/drivecam.

4. The DriveCam device mounts to the inside of the vehicle windshield and records video of the road ahead and inside the vehicle. *Id.*

5. Among other things, Defendant's MV+AI Technology monitors driver activity to detect driver behavior.

6. Defendant's MV+AI Technology identifies inattentive driving that may be caused by looking at a mobile device, driver fatigue, or drowsiness. https://www.lytx.com/en-us/about-us/our-technology/machine-vision-artificial-intelligence; https://www.prnewswire.com/news-releases/lytx-launches-groundbreaking-new-ai-powered-features-to-help-protect-driver-privacy-and-empower-real-time-self-correction-301160474.html.

7. To accomplish this, Defendant's MV+AI Technology collects scans of a driver's facial geometry to identify the driver's attentiveness.

8. Defendant utilizes its database of over 120 billion miles of driver behavior data to advise its trucking company clients about driver behavior.

9. The following screenshot from a video on Defendant's website illustrates the MV+AI Technology capturing face scan and other data to identify distracted driving:



https://www.lytx.com/en-us/about-us/our-technology/machine-vision-artificial-intelligence.

10. Plaintiff previously worked as a truck driver for Quikrete, a manufacturer of packaged concrete, in Elburn, Illinois.

11. Quikrete installed Defendant's DriveCam video camera system with MV+AI Technology in its trucks, including the one Plaintiff drove.

12. During the relevant time period, Defendant collected scans of Plaintiff's facial geometry to analyze his driving behavior.

13. Plaintiff's data that the Defendant collects is uploaded via a wireless network.

14. That data is then analyzed by Defendant to identify driving behaviors.

15. The Defendant claims to have database of 120 billion miles of driving data that allows its artificial intelligence to identify and interpret different driving scenarios. https://www.lytx.com/en-us/about-us/our-technology/machine-vision-artificial-intelligence.

16. Defendant never informed Plaintiff, in writing or otherwise, that it was collecting scans of his facial geometry or his biometric data.

17. Likewise, Defendant never obtained Plaintiff's informed written consent to collect scans of his facial geometry or his biometric data.

18. In 2008, Illinois enacted the Biometric Information Privacy Act and restricted private entities, like Defendant, from collecting a person's biometric identifiers, including scans of facial geometry, without adhering to strict written disclosure and informed-consent procedures established by the Biometric Information Privacy Act.

19. Defendant captured, collected, or otherwise obtained biometric facial geometry scan identifiers from Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

**JURISDICTION AND VENUE**

20. This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint against individuals located in Illinois.

21. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because Plaintiff and Defendant are citizens of different states, there are estimated to be thousands of potential class members, and over $5,000,000 is in controversy.

22. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to this action took place here.

**THE PARTIES**

23. Plaintiff is an individual who is a citizen of Illinois.

24. Defendant is Delaware Corporation.

25. Defendant's principal office is in San Diego, California.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

26. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

27. Among other things, the Biometric Information Privacy Act prohibits a "private entity" from capturing, collecting, or otherwise obtaining biometric identifiers from an individual unless that private entity first obtains the individual's informed written consent. 740 ILCS 14/15(b)(3).

28. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing, collecting, or otherwise obtaining biometric identifiers from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting or storing biometric identifiers or information, and (b) the purpose and length of time for which the private entity will collect, store, and use the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

**BACKGROUND FACTS**

29. When Plaintiff drove Quikcrete's truck, Defendant's MV+AI Technology captured, collected, or otherwise obtained scans of Plaintiff's facial geometry.

30. Before capturing, collecting, or otherwise obtaining scans of Plaintiff's facial

geometry, Defendant never provided Plaintiff any written materials stating that it was capturing, collecting, or otherwise obtaining scans of Plaintiff's facial geometry.

31. Before capturing, collecting, or otherwise obtaining scans of Plaintiff's facial geometry, Defendant never obtained Plaintiff's informed written consent authorizing the capture, collection, or use of scans of Plaintiff's facial geometry.

**CLASS ACTION ALLEGATIONS**

32. Plaintiff seeks to represent a class of Illinois residents had one or more of their facial geometry scans captured, collected, or otherwise obtained by Defendant in Illinois between October 12, 2016 and the present ("the Class").

33. Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: Defendant capturing, collecting or otherwise obtaining scans of their facial geometry without adhering to the requirements of the Biometric Information Privacy Act.

34. The Class includes more than 50 members.

35. As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

36. The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant captured, collected, or otherwise obtained scans of facial geometry from the Class; whether the facial scan data Defendant captured qualifies as "biometric identifiers" under the Biometric Information Privacy Act; and whether Defendant made written disclosures and obtained informed written consent before capturing, collecting, or otherwise obtaining scans of facial geometry from the Class.

37. These common questions of law and fact predominate over variations that may exist

between members of the Class, if any.

38. Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

39. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

40. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

41. The books and records of Defendant are material to Plaintiff's case as they disclose how Defendant captured, collected, or otherwise obtained scans of facial geometry from Plaintiff and the Class and what information Defendant provided Plaintiff and the Class about its capture, collection, and use of their biometric identifiers.

42. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

43. Plaintiff retained counsel experienced in complex class action litigation, including class action litigation under the Biometric Information Privacy Act.

## COUNT I
### Violation of the Biometric Information Privacy Act
### (Class Action)

44. Plaintiff realleges and incorporates the previous allegations of this Complaint.

45. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

46. Plaintiff's and the Class's scans of facial geometry qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

47. Defendant violated the Biometric Information Privacy Act by capturing, collecting,

or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first informing them in writing that Defendant was doing so.

48. Defendant violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would collect, store, and use Plaintiff's and the Class's scans of facial geometry.

49. Defendant violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first obtaining their informed written consent to the capture, collection, or use of Plaintiff's and the Class's scans of facial geometry.

50. Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated: October 12, 2021

/s/David J. Fish
One of Plaintiff's Attorneys

David Fish
dfish@fishlawfirm.com
Mara Baltabols
mara@fishlawfirm.com
**FISH POTTER BOLAÑOS, P.C.**
200 East 5th Avenue, Suite 123
Naperville, IL 60563
Tel: (630) 355-7590

Douglas M. Werman
dwerman@flsalaw.com
Zachary C. Flowerree
zflowerree@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008

*Attorneys for Plaintiff*

| | |
|---|---|
| Filename: | Lytx Complaint FINAL |
| Directory: | C:\Users\AshleyFeeny\FLF\AF Stuff\Intakes |
| Template: | C:\Users\AshleyFeeny\AppData\Roaming\Microsoft\Templates\Normal.dotm |
| Title: | |
| Subject: | |
| Author: | |
| Keywords: | |
| Comments: | |
| Creation Date: | 10/11/2021 9:11:00 AM |
| Change Number: | 1 |
| Last Saved On: | 10/12/2021 2:25:00 PM |
| Last Saved By: | |
| Total Editing Time: | 0 Minutes |
| Last Printed On: | |
| As of Last Complete Printing | |
|    Number of Pages: | 9 |
|    Number of Words: | 1,870 (approx.) |
|    Number of Characters: | 10,662 (approx.) |