UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CAVANAUGH, on behalf of himself and all other persons similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>LYTX, INC.,<br><br>Defendant. | ) | No. 1:21-CV-05427<br><br>Judge Edmond E. Chang |
| NATHANIEL TIMMONS, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LYTX, INC. and GEMINI MOTOR TRANSPORT, L.P.,<br><br>Defendants. | ) | No. 1:22-CV-05068<br><br>Judge Edmond E. Chang |

## ORDER

James Cavanaugh and Nathaniel Timmons have brought separate—but related—cases asserting claims under the Illinois Biometric Privacy Act (commonly known by its acronym, BIPA), 740 ILCS 14/1 *et seq.*, and both are proposed class actions. Both cases also target Defendant Lytx, Inc.'s "DriveCam" technology, which can allegedly be used to monitor the faces of truck drivers in an effort to detect driver fatigue or inattentiveness. *Cavanaugh*, R. 1, Compl. ¶¶ 3–6; *Timmons*, R. 1-1, Compl.

¶¶ 26–28.[1] Although both cases target Lytx, Timmons also sued his former employer, Gemini Motor Transport, L.P., a for-hire motor carrier. *Timmons*, R. 1-1, Compl. ¶¶ 2, 14.

Gemini objects to the consolidation of Timmons's claims with Cavanaugh's case. Gemini also moves to sever and to stay the employer-specific Timmons claims pending resolution of an anticipated motion to dismiss. As explained by this Order, however, given the overlap on the core issues in both cases, the requirements for consolidation under Federal Rule of Civil Procedure 42(a) and Local Rule 40.4 have been met. And there is no good cause to stay the employer-specific claims against Gemini—the claims should move forward together.

## I. Background

Because Cavanaugh and Timmons both propose class actions under the Illinois Biometric Privacy Act, 740 ILCS 14/1 *et seq.*, targeting Lytx's DriveCam technology, the Plaintiffs have agreed to a consolidated amended complaint (using the docket in Cavanaugh's case, which bears the lower case number). *Timmons*, R. 38 (Joint Status Report). The report noted that Gemini might object to consolidation and might move to sever Timmons' claims against Gemini from Timmons' claims against Lytx. *Id.* at 1–2. A week later, Gemini filed the objection to consolidation and moved to sever and stay Timmons' claims against Gemini pending resolution of an anticipated Lytx

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

motion to dismiss what would be the consolidated class action complaint. *Timmons*, R. 40.

## II. Analysis

Gemini's motion presents three discrete procedural questions. First, whether consolidation of the two cases is appropriate right now. Second, whether severance of Timmons's claims against Gemini from the claims against Lytx is warranted. And third, whether a stay of the claims against Gemini is warranted.

### A. Consolidation

First, consolidation of the *Timmons* and *Cavanagh* actions is appropriate under the applicable procedural rules. Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases that "involve a common question of law or fact." Likewise, Northern District of Illinois Local Rule 40.4 permits reassignment of cases that "involve some of the same issues of fact or law," or "in class action suits," where "one or more of the classes involved in the cases is or are the same," so long as "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceeding in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

Gemini objects to consolidation on the basis that Cavanaugh only targets Lytx while Timmons adds claims against his former employer (Gemini). Def. Mot. at 4–5.

Although this add-on defendant is no doubt an important distinction between *Timmons* and *Cavanagh*, the substantial similarity between the two cases readily outweighs the distinction. At a bare minimum, *Timmons* and *Cavanaugh* both present the same BIPA claims against Lytx, requiring the same litigation over whether the DriveCam technology resulted in the non-consensual collection and storage of biometric information. Those are the driving-force issues of law and fact—and they are common to both cases.

It is true, as Gemini argues, that only Timmons asserts a proposed class of Gemini employee-drivers who had their information captured, collected, or otherwise obtained without prior written consent by Gemini. *Id.* at 4-5. But Civil Rule 42(a) requires only "a common issue of law or fact," and Local Rule 40.4(a)(2) requires only "some of the same issues of fact or law." The core issues in both cases will require uncovering the same facts about Lytx's camera technology and whether any collection or storage of biometric data violates BIPA.

Gemini next argues that, despite their substantial overlap, the Court should not order consolidation because it would cause the company prejudice "by requiring Gemini to defend against and respond to and conduct discovery on claims asserted against it that are entirely dependent on plaintiffs first establishing that Lytx's technology involves collection of facial geometry." *Cavanaugh*, R. 52, Gemini Reply at 5. But Gemini does not explain why any potential prejudice arising from discovery requests cannot be dealt with through a coordinated discovery plan. *See* Fed. R. Civ. P. 26(f). If and when discovery launches in the consolidated cases, discovery can be

supervised in a way that balances burdens and benefits. The potential for overly burdensome discovery proffered by Gemini has less to do with consolidation and more to do with the demands of joint discovery. The discovery burden is not a basis to thwart consolidation of the cases to efficiently litigate the common issues or law and fact.

**B. Severance**

Gemini's second request—to sever Timmons' claims against it—is likewise not warranted. Under Civil Rule 21, a court may sever a claim against a defendant, creating two separate actions or lawsuits, if the two claims are "discrete and separate." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). Hence, the propriety of severance hinges on whether one claim is capable of resolution despite the outcome of the other claim. *See Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (citing *Rice*, 209 F.3d at 1016).

Here, the claims against Gemini that it moves to sever from what will be the consolidated *Cavanaugh* and *Timmons* action are not really capable of independent resolution. Gemini actually concedes this point in its briefing. Gemini's Mot. at 4 ("There can be no BIPA violation by Gemini under any scenario if the technology it uses—the Lytx DriveCam cameras—does not capture facial geometry. As such, any allegations and claims asserted against Gemini should not proceed until this threshold issue is determined."); Gemini's Reply at 5 ("Only if the Lytx DriveCam cameras are determined to capture facial geometry could any claim asserted under BIPA against Gemini"). Whether the DriveCam technology resulted in BIPA violations is a

necessary premise for Gemini's liability. There is no good reason to sever Gemini from the case against Lytx.

**C. Stay**

Lastly, a stay of Timmons' claims against Gemini is not warranted. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). But "[n]o mechanical rule governs the handling of overlapping cases." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir.1999). When ruling on a stay, courts consider "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Tap Pharm. Prod., Inc. v. Atrix Lab'ys, Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004) (citing *Wireless Spectrum Techs., Inc. v. Motorola Corp.*, 2001 WL 32852, at *1-2 (N.D. Ill. Jan. 12, 2001).

On undue prejudice or tactical disadvantage, Timmons is right that that actually the Plaintiffs—not Gemini—would suffer undue prejudice and tactical disadvantage if the claims against Gemini were to be stayed. *Cavanaugh*, R. 51, Pls.' Opp. at 7. A stay as to Gemini would force Timmons to proceed on two separate and sequential tracks in this litigation, which defeats the purpose of filing the consolidated class action complaint alongside Cavanaugh's proposed class action. So, granting a stay for Gemini would require Timmons and Cavanagh to relitigate the same BIPA issues against Lytx and then—again—against Gemini. The point of consolidation is

to make both the Court's and the parties' jobs easier, not more onerous. Allowing both sets of claims to proceed merely calls for Gemini to coordinate its defense alongside Lytx.

For the same reasons, the second stay-or-not consideration—simplification of the issues—supports the denial of the stay request. Moving forward with both Lytx and Gemini allows the Court to consider all of the dismissal motions arguments together at one time—which is simpler than *in seriatim* litigation. Forgoing a stay would likely redound to the Court's and parties' collective benefit by having all relevant dismissal arguments presented in one round of briefing instead of multiple. Gemini offers no explanation against that point.

Third and finally, if and when this case gets past the dismissal-motion stage, any potentially unfair litigation and discovery burden against Gemini can be handled with appropriate discovery supervision. It might be that discovery on the propriety of class certification as to Gemini will warrant a different schedule than as to Lytx; if so, then the Court will manage discovery accordingly. But that potential burden (and it is just a possibility, not an actual finding) does not outweigh the many reasons to refuse the stay.

## III. Conclusion

Gemini's objection to consolidation is overruled. And neither severance nor a stay is justified. The Consolidated Amended Complaint, *Cavanaugh*, R. 49, is accepted. The Defendants shall file confer and file a joint motion to dismiss and a joint brief in support on or before March 29, 2024. In the joint motion and joint brief,

common arguments shall be presented jointly, and then the Defendants may include defendant-specific arguments in the joint brief as well. The brief may use 30 pages. The Plaintiffs shall respond by April 26, 2024, and may use 30 pages in the response brief. The defense's joint reply brief (again, with defendant-specific arguments included) is due by May 10, 2024. The tracking status hearing of March 1, 2024, is reset to May 24, 2024, at 8:30 a.m. (but to track the case only, no appearance is required).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: February 29, 2024