## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement" or "Agreement") is entered into on the last date of execution set forth below (the "Execution Date") by and between Nathaniel Timmons ("Plaintiff" or "Plaintiff Timmons"), on behalf of himself and a settlement class of similarly-situated persons (identified herein as the "Settlement Class"), and Defendant Gemini Motor Transport, L.P. (the "Defendant" or "Gemini," and collectively with the Plaintiff, the "Parties").

## RECITALS

**WHEREAS**, on December 29, 2021, Plaintiff, on behalf of himself and a putative class of similarly-situated persons, filed the complaint captioned *Timmons v. Lytx, Inc., and Gemini Motor Transport, L.P.*, Case No. 2021 L 26 (Morgan County, Illinois) ("*Timmons* Matter"), alleging that Gemini violated the Illinois Biometric Information Privacy Act ("BIPA") in connection with the use of certain Lytx-supplied driver-facing event recorder devices (each a "Device" and collectively "Devices") allegedly installed in Gemini vehicles.

**WHEREAS**, on February 11, 2022, Defendant Lytx, Inc. removed the *Timmons* Matter to the U.S. District Court for the Central District of Illinois, Case No. 3:22-cv-03025;

**WHEREAS**, on September 16, 2022, the *Timmons* Matter was transferred to the U.S. District Court for the Northern District of Illinois, Case No. 1:22-cv-05068;

**WHEREAS**, on October 5, 2022, the Timmons Matter was re-assigned to Judge Edmond Chang. On October 19, 2022, Judge Chang consolidated the *Timmons* Matter with *Cavanaugh v. Lytx, Inc.*, Case No. 1:21-cv-05427 ("*Cavanaugh* Matter");

**WHEREAS**, on November 10, 2022, Plaintiffs Timmons and James Cavanaugh filed an Amended Class Action Complaint in the consolidated *Cavanaugh* Matter, which was then

1

captioned *Timmons and Cavanaugh v. Lytx, Inc. and Gemini Motor Transport, L.P.*, Case No. 1:21-cv-05427 ("Lawsuit");

**WHEREAS**, on January 21, 2025, Plaintiffs Timmons and James Cavanaugh informed the Court that a class settlement had been reached with Lytx, Inc. in connection with a "parallel action" captioned *Lewis v. Maverick Transportation LLC and Lytx, Inc.*, Case No. 3:22-cv-00046-NJR (S.D. Ill.) ("*Lewis* Matter"), which would resolve claims against Lytx in the Lawsuit;

**WHEREAS**, upon filing of a notice of dismissal by Plaintiffs Timmons and James Cavanaugh, the Court dismissed this Lawsuit as to Lytx, Inc. on January 22, 2025. This dismissal resolved all claims in the Lawsuit asserted by Plaintiff James Cavanaugh, which asserted claims only against Lytx and asserted no claims against Gemini. The Lawsuit was subsequently captioned *Timmons v. Gemini Motor Transport, L.P.*, Case No. 1:21-cv-05427;

**WHEREAS**, on March 30, 2025, in *Timmons v. Gemini Motor Transport, L.P.*, Case No. 1:21-cv-05427, the Court denied Gemini's motion to dismiss and its motion to amend the class definition;

**WHEREAS**, Gemini has denied and continues to deny liability for the claims made in the Lawsuit and further deny that certification of a class is appropriate in this matter except for purposes of settlement;

**WHEREAS**, Plaintiff maintains the strength of his position, the validity of his claims, and the propriety of class certification in this Lawsuit. Nonetheless, Plaintiff and Plaintiff's Counsel have concluded that the terms and conditions provided in this Settlement are fair, reasonable, adequate, and in the best interest of the Settlement Class as a means of resolving the claims against Gemini;

**WHEREAS**, the Parties have engaged in settlement discussions, negotiating in good faith and at arm's-length in an effort to reach a class-wide settlement; and

**WHEREAS**, after taking into account the uncertainty, risks and delays inherent in any litigation and the totality of facts, the Parties have concluded that it is desirable and beneficial that all claims, demands, and liabilities between Defendant and Plaintiff and the Settlement Class, including all claims that have been asserted, or could have been asserted, by Plaintiff and/or the Settlement Class in the Lawsuit.

**NOW, THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED** by and among Defendant and Plaintiff and the Settlement Class, by and through their respective undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Lawsuit and the Released Claims (as defined below) shall be finally and fully compromised, settled, and released, and the Lawsuit shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## TERMS OF AGREEMENT

1.      <u>Recitals</u>. The above-described recitals are incorporated herein and made a part hereof.

2.      <u>Settlement</u>. This Agreement is entered into for settlement purposes only to resolve all disputes between Defendant and Plaintiff and the Settlement Class. Neither the fact of, nor any specific provision contained in, this Agreement nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged by Plaintiff or by any other member of the Settlement Class of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant. The assertions, statements, agreements and representations

3

made herein are for settlement purposes only and the Parties expressly agree that, if the Settlement is not finally approved, this Agreement is null and void and may not be used by any of the Parties for any reason.

3.      The Settlement Class. The Parties agree that the Settlement Class will be defined as: "All Gemini Motor Transport, L.P. employees with an Illinois residence or Illinois fleet city assignment who operated a Gemini vehicle equipped with a Lytx driver-facing event recorder device in the State of Illinois between December 29, 2016 and October 23, 2025." Based on records available to Defendant at the time of the Agreement, the Settlement Class is made up of approximately 196 individuals. This includes 172 Illinois residents ("Illinois Class Members") and 24 non-Illinois residents ("Non-Illinois Class Members"). The Settlement Class excludes: (1) Defendant, any parent, subsidiary, affiliate, or control person of Defendant, as well as Defendant's attorneys, officers, directors, or agents, and the immediate family members of such persons; (2) the named counsel in the Lawsuit and any employee of their office or firm; and (3) the judge(s) assigned to the Lawsuit and his or her staff.

4.      Class Representation. For the purposes of settlement, Plaintiff is the "Class Representative" and Lieff Cabraser Heimann & Bernstein, LLP and Milberg Coleman Bryson Phillips Grossman, PLLC are "Class Counsel." For purposes of this Settlement, Defendant consents to the same and consents to the adequacy of both Plaintiff as Class Representative and Lieff Cabraser Heimann & Bernstein, LLP and Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel.

5.      Settlement Fund. Defendant shall pay or caused to be paid, in total, $40,000 (forty thousand dollars) for the benefit of the Settlement Class (the "Settlement Payment") by wire transfer or check to a bank account identified by the Settlement Administrator on or before 10 (ten)

days after the Final Approval Hearing. Funding will only occur after the Settlement Administrator provides Defendant with a completed W-9 and payment instructions. The Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Class Members and Class Counsel. In no event will Defendant be required to pay any more than $40,000 (forty thousand dollars) in connection with the Settlement.

6.     Payment to Settlement Class Members. Settlement Class members shall receive payment from the Settlement Fund as follows:

(a) Illinois Class Members shall each be allotted two-and-a-half (2.5) "shares" for purposes of this Settlement. Non-Illinois Class Members shall each be allotted one (1) "share" for purposes of this Settlement. The total number of "shares" and the value of each "share" shall be determined after deducting the incentive payment to the Class Representative, attorneys' fees and expenses to Class Counsel, settlement administration costs, the number of Illinois Class Members and Non-Illinois Class Members opting out, and the number of Illinois Class Members and Non-Illinois Class Members who are not located and provided Class Notice as provided in Section 7.b.ii below. Prior to these deductions, the value of one share is $88.10. Accordingly, Illinois Class Members would be entitled to $220.26 each and Non-Illinois Class Members would be entitled to $88.10 each.

(b) Unless a Settlement Class Member submits a valid and timely request to opt out (as described below), he or she will automatically receive the numbers of "shares" he or she is entitled to depending on his or her residence from the Settlement Fund less any incentive payment to the Class Representative, attorneys' fees and expenses to Class Counsel, and settlement administration costs. Settlement Class Members, including Plaintiff, will be solely responsible for reporting and payment of any taxes.

(c) No payment shall be made to Settlement Class members for whom the attempt by the Settlement Administrator to provide notice of the Settlement does not succeed and results in the notice being returned to the Settlement Administrator as undeliverable.

7.     <u>Notice and Settlement Administration</u>.

a.   Simpluris (the "Settlement Administrator") shall serve as the Settlement Administrator. The Settlement Administrator's responsibilities include but are not limited to: (i) holding and supervising the Settlement Fund; (ii) providing notice in accordance with the Court-approved Notice Plan; (iii) obtaining new addresses for returned mail (as provided in Section 7.b.ii below); (iv) fielding inquiries about the Settlement; (v) tracking and providing notice to the Parties for any individual objecting to the Settlement or opting out of the Settlement Class; (vi) providing to counsel for the Parties a report on the total to be paid to each Settlement Class member; and (vii) sending payment to Settlement Class members consistent with this Agreement. All fees and costs of the Settlement Administrator, including the costs associated with providing notice and payment to the Settlement Class, are litigation expenses and shall be paid out of the Settlement Fund (defined below).

b.   Class Notice shall be disseminated as follows:

i.     <u>Notice List</u>. Within seven (7) days of the Court's Preliminary Approval Order, Defendant's counsel shall provide to the Settlement Administrator, but not to Plaintiff or Class Counsel, the list of approximately 196 names and mailing addresses (the "Notice List") compiled by Defendant identifying members of the Settlement Class. Plaintiff and Class Counsel agree that they are not entitled to and shall not request, demand, or take steps to obtain, the Notice List as part of this Agreement.

      ii.      <u>Class Notice</u>. Within twenty-one (21) days of the Court's Preliminary Approval Order (the "Notice Date"), the Settlement Administrator will cause the "Notice of Class Action and Proposed Settlement" (the "Class Notice") to be sent by U.S. Mail, one time, to the names and addresses on the Notice List. The proposed Class Notice is attached as **Exhibit 2.** For any Class Notice that is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall make one attempt to re-send the Class Notice to any forwarding address the Settlement Administrator receives when the Class Notice was returned as undeliverable.

      iii.      The Class Notice shall contain: (1) a plain and concise description of the nature of the Lawsuit and the proposed Settlement, (2) the right of Settlement Class Members to opt out of or to object to the Settlement, (3) specifics on the date, time, and place of the Final Approval Hearing, and (4) information regarding Class Counsel's fee application and the Class Representative's Incentive Award payment.

      c.      <u>CAFA Notice</u>. Within the time prescribed by 28 U.S.C. § 1715, the Settlement Administrator shall serve notice of this Settlement to the appropriate federal and state officials in compliance with the Class Action Fairness Act ("CAFA").

      d.      <u>Mailing of Settlement Check</u>. Within twenty-one (21) days of Final Approval, payments will be sent via check to the Settlement Class Members to the address provided in the Notice List or to any forwarding address that the Settlement Administrator obtains in mailing Class Notice. All Settlement Class members will be informed that checks containing payments must be cashed within 90 days of issuance or else the check will be void and they will have no further right or entitlement to any payment under the terms of this Agreement. All funds from checks that were not cashed within 90 days after issuance shall be paid on a *pro rata* basis to the Settlement Class Members who timely cashed their initial checks if economically feasible.

Doc ID: 6811d7d6f40e4f442523b92815906b37e66ccd56

8. <u>Preliminary Approval</u>. No later than seven (7) days after the Execution Date, or some later date upon the mutual agreement of the Parties, Plaintiff will file a motion for entry of an order preliminarily approving this Settlement. Plaintiff will request that the Court enter an Order Preliminarily Approving Class Action Settlement and Certifying Settlement Class in the form attached hereto as **Exhibit 1** (the "Preliminary Approval Order"). Pursuant to the motion for preliminary approval, Plaintiff will request that the Court:

a. Find it will likely be able to approve the Settlement as fair, reasonable, and adequate;

b. Preliminarily certify the Settlement Class for settlement purposes only;

c. Approve the form, content, and manner of Class Notice and find that the notice program set forth in this Agreement constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

d. Direct that Class Notice be sent to the Settlement Class;

e. Appoint Simpluris as the Settlement Administrator;

f. Set the date and time for the Final Approval Hearing at least seventy-five (75) days from the Notice Date, which may be continued by the Court from time to time without the necessity of further notice to the Settlement Class; and

g. Set the Claims Deadline, the Objection Deadline, and the Opt-Out Deadline.

9. <u>Objections to Settlement</u>. Any Settlement Class member who wishes to object to this Agreement must do so in writing by filing a written objection, consistent with the requirements set forth in the Preliminary Approval Order and Class Notice, with the Clerk's Office of the U.S. District Court for the Northern District of Illinois and mailing copies to the Parties' respective counsel at the addresses set forth in Section herein. Any such objection shall be deemed timely

submitted if and only if (a) such objection is filed with the Clerk's Office of the U.S. District Court for the Northern District of Illinois and postmarked no later than 60 days from the date set for provision of class notice in the Preliminary Approval Order (the "Objection Deadline"); (b) the objector or any attorney for such objector lists in the objection all objections previously filed by such objector in any other class settlement, the case name, court and case number of such objections, and how much, if any amount, was paid to the objector in connection with or as a result of the objection; and (c) notice of such objection is provided to the Parties by mailing a copy of the objection to each of the Parties' respective counsel at the addresses set forth in Section 19 herein. Any objection that fails to satisfy the requirements of this Section, or that is not properly and timely submitted, shall be deemed ineffective, and will be deemed to have been waived, and the Settlement Class member asserting such ineffective objection shall be bound by the Final Approval Order.

10. Requests to Opt Out of Settlement Class. Any Settlement Class member who wishes to be excluded from membership in the Settlement Class must do so in writing by mailing a written request to opt out of the Settlement, consistent with the requirements set forth in the Class Notice to the Parties' respective counsel at the addresses set forth in Section 19 herein. Any such written request must be postmarked no later than 60 days after the Notice Date (the "Opt-Out Deadline"). Any Settlement Class member who wishes to be excluded from the Settlement Class can only opt out for himself or herself and cannot opt out for any other person, nor can any Settlement Class members authorize any other person to opt out on his or her behalf. Any request that fails to satisfy the requirements of this Section, or that is not properly and timely submitted, shall be deemed ineffective, and will be deemed by the Parties to have been waived, and the Settlement Class member making such a request shall be bound by the Final Approval Order.

11. <u>Attorneys' Fees and Expenses</u>. Pursuant to Fed. R. Civ. P. 23(h), Class Counsel may move for an award of attorneys' fees and expenses not exceeding one-third of the Settlement Fund ($13,333.33), to be paid from the Settlement Fund, by filing a Fee and Cost Application with the Court.

a. Defendant may choose to oppose some or all of Plaintiff's request for fees and expenses.

b. The Parties agree not to appeal any Court award of attorneys' fees and costs and expenses that is consistent with the foregoing limitations.

c. Except as provided in this Section, the Parties will bear their own attorneys' fees, costs, and expenses incurred in the prosecution, defense, or settlement of the Lawsuit. Defendant's obligation to pay attorneys' fees and costs to any person incurred on behalf of Plaintiff and/or the Settlement Class in this Action shall be limited to the judicially approved amount established pursuant to this Section, and such obligation shall be paid from the Settlement Fund. In no event shall Defendant's aggregate liability under this Settlement, including attorneys' fees and costs, exceed $40,000 (forty thousand dollars).

d. Any allocation of fees between or among Class Counsel and any other person representing Plaintiff or the Settlement Class shall be the sole responsibility of Class Counsel, subject to any alterations by the Court.

e. The Parties warrant that they commenced negotiations on proposed Attorneys' Fees and Costs (along with the Service Award discussed in Section 12) only after they reached agreement on all other materials terms of this Settlement Agreement.

f. In the event that the Settlement does not become effective for any reason, including termination by one or more of the parties as contemplated by the terms of this Agreement, the

agreement to pay Attorneys' Fees and Costs shall be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated proceedings in this matter. No statements made or actions taken by either party in furtherance of the Fee and Cost Application constitute or may be used as an admission of, or evidence of, the validity or invalidity of any claims for Attorneys' Fees and Costs.

g.   Plaintiff shall file his motion for attorneys' fees no later than twenty-one (21) days before the Opt-Out Deadline and the Objection Deadline.

12.   <u>Payment to Class Representative</u>. In recognition of the significant time and effort that the Class Representative personally invested in the Lawsuit, including but not limited to consulting with Class Counsel and providing information and input necessary for the prosecution of this case, which efforts have provided a benefit to the Settlement Class, the Class Representative will be entitled to apply to the Court for a Service Award and Defendant will not object to a Service Award to be paid to Class Representative from the Settlement Fund, provided that it does not exceed $1,500.00 each, subject to Court approval. The Settlement Administrator shall pay to Class Counsel the amount of any service payments awarded by the Court out of the Settlement Fund, and Class Counsel will disburse such funds. No interest will accrue on such amounts at any time. The Parties warrant that they commenced negotiations on the proposed Service Award (along with the Attorneys' Fees and Costs discussed in Section 11) only after they reached agreement on all other material terms of this Settlement Agreement.

13. <u>Final Approval Hearing and Final Approval Order.</u> If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the Settlement have been satisfied, no later than ten (10) days prior to the Final Approval Hearing:

a. Plaintiff shall request that the Court enter the "Final Approval Order" in a form substantially similar to the one attached hereto as **Exhibit 3** (the "Final Approval Order").

b. Class Counsel and/or Defendant may file a memorandum addressing any objections to the Settlement.

c. At the Final Approval Hearing, the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable, and adequate, whether any objections to the Settlement should be overruled, whether the fee award and any service payment to the Class Representative should be approved, and whether a judgment reflecting final approval of the Settlement should be entered.

d. At the Final Approval Hearing, the Court will consider and determine whether: (i) it has personal and subject matter jurisdiction over all Settlement Class Members; (ii) to approve the Settlement Agreement as fair, reasonable, and adequate, and in the best interests of, the Settlement Class Members; (iii) to find that the Class Notice implemented pursuant to the Agreement constitutes the best practicable notice under the circumstances, is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court; (iv) to find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement; (v) to dismiss the Action with prejudice, without fees or costs to any party except as provided in the Settlement Agreement; (vi) to retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement; and (vii) to enter Final Judgment.

e.   The fact that the Court may require certain changes in the Final Approval Order will not invalidate this Agreement or the Settlement. If the Court does not enter a Final Approval Order substantially in the form of Exhibit 3, or does not enter a modified version thereof which is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement shall be null and void and the entirety of the Settlement Fund shall be returned to the Defendant, less any costs and expenses actually incurred by the Settlement Administrator.

14.   <u>Settlement Effective Date</u>. The "Settlement Effective Date" means the date the last of the following occurs: (i) the Court enters the Final Approval Order, and (ii) if any Settlement Class member has filed an objection, the date for filing an appeal from such Final Approval Order has expired or, if there are appeals, the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

15.   <u>Termination Rights</u>.  Plaintiff and Defendant shall each have the right to terminate the Settlement by providing written notice of their election to do so to the other Party within twenty days after the date on which:  (a) the Court declines to enter the Preliminary Approval Order or makes material changes thereto; (b) the Court refuses to approve the Settlement or any material part thereof; (c) the Court declines to enter the Final Approval Order or makes material changes thereto; or (d) the Settlement Effective Date otherwise does not occur.  In the event that any Party exercises its above-described termination rights, then this Agreement shall be null and void *ab initio*. In the event the Settlement is terminated consistent with this sub-section, all Parties shall have the same rights they had prior to entering into this Agreement.

16.   <u>Releases</u>.

a.   Upon the Settlement Effective Date, each member of the Settlement Class,

including Plaintiff, who does not effectively opt out of the Settlement Class ("the Releasors"), for and in consideration of the terms and undertakings of this Agreement and the benefits extended to the Settlement Class, the sufficiency and fairness of which are acknowledged, releases and forever discharges Defendant and each of its current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, shareholders, employees, predecessors, successors, assigns, agents and attorneys (the "Released Parties") from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that were, have been, could have been asserted, or in the future might be asserted in the Lawsuit or which arise out of or relate to the capture, collection, storage, possession, transmission, conversion, purchase, obtaining, sale, lease, profit from, disclosure, re-disclosure, dissemination, transmittal, conversion and/or other use of data derived from the use of any Lytx Device, including without limitation any "biometric identifiers" or "biometric information" as those terms are defined in the Illinois Biometric Information Privacy Act, 740 ILCS 14/10, *et seq*., at any time before the Settlement Effective Date (the "Released Claims"). This release includes, without limitation, statutory, constitutional, contractual, and/or common law claims for damages (including statutory and liquidated damages), unpaid costs, penalties, liquidated damages, punitive or exemplary damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief to the extent permitted by applicable law which may arise from the Released Claims.

If any of the Releasors resides in California or are otherwise subject to California law, then such Releasors hereby waive all rights under Section 1542 of the Civil Code of California. That section reads as follows:

> *"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release,*

14

> *which if known by him must have materially affected his settlement with the debtor."*

Notwithstanding the provisions of Section 1542 or any similar law of any other state, and to provide a full and complete release of Released Parties, the Releasors expressly acknowledge that this Agreement is intended to include, without limitation, in addition to the Released Claims, all claims which the Releasors do not know or suspect to exist in their favor at the time of execution of this document, and agree that the settlement agreed upon completely extinguishes all such claims.

      b. Upon the Settlement Effective Date, Defendant, for and in consideration of the terms and undertakings of this Agreement and the benefits extended to the Settlement Class, the sufficiency and fairness of which are acknowledged, releases and forever discharges Plaintiff and his attorneys from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to the Released Claims.

      17. <u>Class Enjoined</u>. Upon the Settlement Effective Date, all members of the Settlement Class who did not effectively opt out of the Settlement Class (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, whether individually or on behalf of or as a member of any class, any other arbitration, or any other administrative, regulatory, or other proceeding against

15

Defendant (and Defendant's current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, members, managers, shareholders, employees, predecessors, successors, assigns, agents and attorneys) that arises out of or relates to the Released Claims; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit, whether individually or as a class action, against Defendant (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class members who have not timely opted out of the Settlement Class if such other lawsuit arises from or otherwise relates to the Released Claims.

18.     <u>Representations and Warranties</u>. The Parties each represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

19.     <u>Notices</u>. Requests to opt out and  objections to the Agreement or settlement shall be sent to:

Sean A. Petterson
Muriel J. Kenfield-Kelleher
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson St., 8th Floor
New York, NY 10013
spetterson@lchb.com
mkenfieldkelleher@lchb.com

Brett Doran
GREENBERG TRAURIG, LLP

360 North Green Street, Suite 1300
Chicago, IL 60607
doranb@gtlaw.com

20.     Integration Clause. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

21.     Headings. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

22.     Binding and Benefiting Others. This Agreement shall be binding upon and inure to the benefit or detriment of the following and only the following: the Parties and the Settlement Class members who do not opt out, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

23.     Cooperation. The Parties agree to cooperate fully with one another to consummate this Agreement and to achieve the settlement provided for herein.

24.     Governing Law. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Illinois, without regard to its conflict of laws and choice of law provisions.

25.     Severability. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if, and only if, the Parties and their counsel mutually elect by written stipulation to be filed with the Court within

17

twenty days to modify the Agreement and proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

26. <u>Mutual Interpretation</u>. The Parties agree and stipulate that this Agreement was negotiated on an arm's-length basis between Parties of equal bargaining power. Also, Class Counsel and counsel for Defendant have drafted the Agreement jointly. Accordingly, no ambiguity shall be construed in favor of or against any of the Parties.

27. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and electronically scanned signatures shall bind the Parties to this Agreement as though they are original signatures.

28. <u>Continuing Jurisdiction</u>. Without affecting the finality of the Final Approval Order, the Court shall retain continuing jurisdiction over the Lawsuit and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the Preliminary Approval Order, the Final Approval Order, the judgment, and the distribution of settlement proceeds to the Settlement Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

**PLAINTIFF NATHANIEL TIMMONS**

_____

Dated: __10 / 17 / 2025_____

**THE SETTLEMENT CLASS
AND CLASS COUNSEL**

By: _____
       Lieff Cabraser Heimann &
       Bernstein, LLP

Dated: __10/22/2025_____

By: _____
       Milberg Coleman Bryson
       Phillips Grossman, PLLC

Dated: 10/23/2025_____

**GEMINI MOTOR TRANSPORT, L.P.**

By: _____

Dated: _____

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

**PLAINTIFF NATHANIEL TIMMONS**

_____

Dated: _____

**THE SETTLEMENT CLASS**
**AND CLASS COUNSEL**

By: _____
      Lieff Cabraser Heimann &
      Bernstein, LLP

Dated: _____

By: _____
      Milberg Coleman Bryson
      Phillips Grossman, PLLC

Dated: _____

**GEMINI MOTOR TRANSPORT, L.P.**

By: _____ VP of Transportation

Dated: 10/22/2025

19

EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NATHANIEL TIMMONS, individually
and on behalf of all others similarly
situated,

        Plaintiff,

   v.

GEMINI MOTOR TRANSPORT, L.P., an
Oklahoma company,

        Defendant.

Case No. 1:21-cv-05427

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING CLASS NOTICE AND SCHEDULING FAIRNESS HEARING

This matter coming before the Court on the Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"), after review and consideration of the Parties' Settlement Agreement (the "Agreement") and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1.      By stipulation of Plaintiff Nathaniel Timmons and Defendant Gemini Motor (collectively "the Parties"), and pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies the following Settlement Class: "All Gemini Motor Transport, L.P. employees with an Illinois residence or Illinois fleet city assignment who operated a Gemini vehicle equipped with a Lytx driver-facing event recorder device in the State of Illinois between December 29, 2016 and October 23, 2025." Excluded from the Settlement Class are Gemini, along with its parents, subsidiaries, affiliates and control persons, including its attorneys, officers, directors, or agents, and the immediate family members of such persons, the named counsel in this Action and any employee of their firms, and the judges assigned to the lawsuit and their staff. The Parties expressly agreed to this Settlement Class definition for settlement purposes only.

2.      The Court finds that class certification is appropriate for settlement purposes because (a) the Settlement Class is so numerous that joinder of all members is impractical, (b) there are common questions of law and fact relating to the settlement that predominate over any questions affecting only individual class members, (c) Plaintiff's claims are typical of the Settlement Class, (d) Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class, and (e) a class action is superior method for the fair and efficient resolution of this controversy.

3.      The Court appoints Plaintiff Nathaniel Timmons as the Class Representative and appoints Lieff Cabraser Heimann & Bernstein, LLP and Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel.

4.      Pursuant to Federal Rule of Civil Procedure 23, the settlement of this action, as embodied in the terms of the Settlement Agreement, is preliminarily approved, subject to further consideration at the Final Fairness Hearing described below.

5.      The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court. The Court finds the Agreement was entered into between Plaintiff and Defendant Gemini Motor Transport, L.P. after serious, informed, and arm's-length negotiations by experienced counsel. There were no obvious deficiencies in the Settlement Agreement, and the Settlement Agreement does not improperly grant preferential treatment to Plaintiff or segments of the class. It falls within the range of possible approval.

6.      The Settlement Agreement proposes notice to the Settlement Class by U.S. Mail consistent with the terms of the Settlement Agreement. The Court finds that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23, and is the best notice

2

practicable under the circumstances. The Court further finds that the proposed notice is adequate and appropriate to inform members of the Settlement Class of the terms of the proposed Settlement. The plan is approved and adopted. The Court orders that the Parties provide the notice to the Settlement Class as proposed in the Settlement Agreement. The Court approves the form of the notice as contained in Exhibit 2 to the Settlement Agreement (the "Class Notice"). The Court also approves Simpluris, Inc. as the Settlement Administrator.

7.      The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Notice:

a.      Within seven (7) days of this Order, Defendant's counsel shall provide to the Settlement Administrator the list of approximately 196 names and mailing addresses compiled by Defendant identifying members of the Settlement Class.

b.      Within twenty-one (21) days of this Order, the Settlement Administrator shall send notice to the Settlement Class ("Notice Date");

c.      Plaintiffs shall file their motion for attorneys' fees no later than twenty-one (21) days before the Opt-Out Deadline and the Objection Deadline.

d.      Requests by any Settlement Class member to opt out of the settlement must be submitted to Class Counsel and to Defendant's counsel no later than _____, 20__, which is 60 days after the Notice Date, or be forever barred. Members of the Settlement Class who fail to submit a valid and timely request to opt out shall be bound by all terms of the proposed Settlement and any Final Judgment entered in this Action if the proposed Settlement is finally approved by the Court.; and

e.      Objections shall be filed in this Court and postmarked no later than _____, 20__, which is 60 days after the Notice Date and shall include a list of all objections

3

previously filed by the objector in any other class settlement, including the case name, court and case number of such objections, and how much, if any amount, was paid to the objector in connection with or as a result of the objection; moreover, notice of any such objection must be provided to the Parties' respective counsel and postmarked no later than 60 days after the Notice Date, which is _____, 20__, or be forever barred.

      f.     The final approval hearing, set forth in the Notice, is hereby scheduled for _____, 20__, which is at least 100 days after the Notice Date, at _____ a.m./p.m., in Courtroom _____. At the final approval hearing, the Court shall determine whether the proposed Settlement of the claims against Gemini Motor Transport, L.P., on the terms and conditions provided for in the Settlement, is fair, just, reasonable, and adequate to the Settlement Class and should be finally approved by the Court, and to consider Class Counsel's Fee and Expense Application.

Dated:_____      ENTERED:

 

_____

Hon. Edmond Chang

**Exhibit 2**

**<u>NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION</u>**

**You may be entitled to a payment from a class action settlement if you are or were an employee of GEMINI MOTOR TRANSPORT and during your employment you operated a Gemini fleet vehicle equipped with a Lytx Device.**

**We are contacting you because our records show that you are a current or former employee of GEMINI MOTOR TRANSPORT, who operated a Gemini fleet vehicle equipped with a Lytx Device.**

***A court authorized this notice. This is not a solicitation from a lawyer. The Court has made NO findings as to the merits of the case at this time.***

- A proposed settlement (the "Settlement") has been reached between Plaintiff Nathaniel Timmons and Defendant Gemini Motor Transport, L.P. ("Gemini") in a proposed class action lawsuit, Case No. 1:21-cv-05427. The Settlement resolves claims related to Gemini's use of Lytx's Devices.

- Gemini has agreed to pay **$40,000** (the "Settlement Fund") for the benefit of members of the following Settlement Class: **All Gemini Motor Transport, L.P. employees with an Illinois residence or Illinois fleet city assignment who operated a Gemini vehicle equipped with a Lytx driver-facing event recorder device in the State of Illinois** between December 29, 2016 and October 23, 2025. *We estimate that Illinois residents will be entitled to roughly $111.05 and Non-Illinois Residents will be entitled to roughly $44.42 after deducting for attorneys' fees and expenses, the costs of administering the Settlement, and a payment to the Class Representative for his services to the Class.*

- If you are a member of the Settlement Class, you may be entitled to share in the settlement proceeds. However, **your legal rights are affected whether you act or do not act**, so please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | **Remain in the Settlement Class and, if the Court finally approves the Settlement, we will send you a check.** |
| **EXCLUDE YOURSELF** | **Get no payment and retain the right to sue Gemini on your own.** |
| **OBJECT** | **Write the Court if you wish to object to the Settlement.** |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The description of the Settlement in this Notice is only a summary. Full details of the Settlement are set forth in the Settlement Agreement, which is on file with the Court. If you wish to review a copy of the Settlement Agreement, please contact the

Settlement Administrator, Simpluris, Inc., below who will provide it to you free of charge:

[Simpluris, Inc. Contact Info]

***You should read the entire Agreement before deciding whether to participate in the Settlement.***

- The Court in charge of this case still has to decide whether to finally approve the Settlement. Payments will be made if the Court finally approves the Settlement and after any appeals are resolved. Please be patient.

## 1. THE PURPOSE OF THIS NOTICE.

You are receiving this Notice pursuant to an Order of the United States District Court for the Northern District of Illinois to advise you of certain benefits you may be entitled to receive under a settlement in the class action lawsuit styled, *Timmons v. Gemini Motor Transport, L.P.* (the "Class Action"). This Notice describes the Class Action and the proposed Settlement and advises of the date, time and place of a hearing to be held by the Court to determine whether the Court will finally approve the Settlement.

**<u>All Class Members who do not exclude themselves from the Settlement on a timely basis (as described below) will be bound by the orders the Court issues about the Settlement.</u>** The members of the Settlement Class, as certified by order of the Court, include:

All Gemini Motor Transport, L.P. employees with an Illinois residence or Illinois fleet city assignment who operated a Gemini vehicle equipped with a Lytx driver-facing event recorder device in the State of Illinois between December 29, 2016 and October 23, 2025.

Excluded from the Settlement Class are Gemini, along with its parents, subsidiaries, affiliates and control persons, including its attorneys, officers, directors, or agents, and the immediate family members of such persons, the named counsel in this Action and any employee of their firms, and the judges assigned to the lawsuit and their staff.

You should carefully read this entire Notice before making any decision about the class action lawsuit.

## 2. <u>WHAT IS A CLASS ACTION?</u>

Class actions are lawsuits in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs (also referred to as class representatives) are named in the lawsuit to assert the claims of the entire class. This avoids the necessity for a large number of people to file similar individual lawsuits and enables the court system to resolve similar claims in an efficient and economical way. Class actions assure that

people with similar claims are treated alike. In a class action, the Court is guardian of class interests and supervises the presentation of the class claims by class counsel to assure that the representation is adequate. Class members are not individually responsible for the costs or fees of counsel, which are subject to Court award.

In this class action lawsuit, the Court appointed Plaintiff Nathaniel Timmons as the Class Representative of the Settlement Class. In addition, the Court appointed the law firms of Lieff Cabraser Heimann & Bernstein and Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel.

### 3. WHAT IS THE CLASS ACTION AGAINST GEMINI ABOUT?

The Class Action is about whether Gemini, through Lytx's Devices, collected its employees' biometric identifiers and biometric information without complying with the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"), which prohibits private entities from collecting, capturing, purchasing, receiving through trade or otherwise obtaining a person's biometric identifiers or information without first providing that person with written notice of particular information and obtaining his/her written consent.

Gemini denies any wrongdoing or liability to Plaintiff and the proposed Settlement Class on the claims asserted. Gemini specifically denies Lytx's Device collected or captured, or that Gemini collected, captured, purchased, received, possessed or otherwise obtained, any biometric identifiers or information from you or anyone in the Settlement Class. What is more, no trial has been held on the merits of any of the allegations against Gemini or its defenses.

### 4. WHY DID I GET THIS NOTICE?

A review of Gemini's records show that you are a member of the Settlement Class.

The Court authorized this Notice because you have a right to know about the proposed Settlement, and about your options, before the Court decides whether to finally approve the Settlement. If you do not request to be excluded and the Court approves the Settlement, and after any appeals are resolved, the settlement administrator will send you the payment provided for in the Settlement, and your claims will be released.

### 5. WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of the Plaintiff or Gemini. Instead, both sides agreed to a Settlement, without any admission of fault or liability. That way, they avoid the cost of a trial and the risks of either side losing, and they ensure that the people affected by the lawsuit receive compensation. The Parties think that the Settlement is best for everyone involved under the circumstances. The Court will evaluate the Settlement to determine whether it is fair, reasonable, and adequate before it approves the Settlement.

**6. WHAT DOES THE SETTLEMENT PROVIDE?**

In exchange for a release of claims against Gemini as explained in the Agreement, Gemini has agreed to pay **$40,000.00** for the benefit of Settlement Class Members. Each Settlement Class Member who does not opt out of the Settlement is eligible to receive benefits under the Settlement.

**7. WHAT CAN I GET FROM THE SETTLEMENT?**

Each Settlement Class Member who does not request opt out of the Settlement shall receive a payment from the Settlement Fund, with a larger payment made to Class Members who reside in Illinois. Individual payments for each Class Member are estimated to be $111.05 for Illinois Class Members and $44.42 for non-Illinois Class Members. Please note this is only an estimate.

**8. WHAT ARE MY OPTIONS AS A SETTLEMENT CLASS MEMBER?**

If you fit the above description of a member of the Settlement Class in Question 1 above, you have the following options:

(a) **If you wish to participate in and receive payment under the Settlement**, **you do not need to do anything.** Upon final approval of the Settlement, you will automatically receive a payment. You will also be bound by any judgment approving or disapproving the Settlement.

(b) **If you do not wish to participate in the Settlement, you can opt out of the Settlement.** If you choose to be opt out of the Settlement, you will not receive any payment nor will you be bound by any judgment, or any other final disposition, in this lawsuit. You will retain the right to pursue any individual remedies, at your own expense, against Gemini. To opt out, you must send a written and signed notification entitled "Request to Opt Out" to the following:

Sean A. Petterson
Muriel J. Kenfield-Kelleher
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson St., 8th Floor
New York, NY 10013
spetterson@lchb.com
mkenfieldkelleher@lchb.com

Brett Doran
GREENBERG TRAURIG, LLP
360 North Green Street, Suite 1300
Chicago, IL 60607
doranb@gtlaw.com

To be valid, your Request to Opt Out must be postmarked no later than [**DATE**], and must include your name, current address, telephone number, name of the case and case number (*Timmons v. Gemini Motor Transport, L.P.*, No. 1:21-cv-05427), a clear and unequivocal statement that you wish to opt out of the Settlement, and your signature. If the request is not postmarked by [**DATE**], your request to opt out will be invalid and you will be included in the Settlement Class automatically, bound by the final judgment and barred from bringing any claims against Gemini.

   (c) **If you do not request to opt out of the Settlement, you can object to the Settlement.** To do so, you must submit your objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604. The objection submitted to the Court must be postmarked by no later than [**OBJECTION DEADLINE**] to be considered by the Court. Your objection must state your full name, current address, and telephone number. Your objection must also state the name of the case and case number (*Timmons v. Gemini Motor Transport, L.P.*, No. 1:21-cv-05427), and why you object to the proposed Settlement, including any reasons supporting your position. You must also include a list of all objections previously filed by you in any other class settlement, the case name, court and case number of such objections, and how much, if anything, was paid to you in connection with or as a result of the objection. You must sign your objection personally or by legal counsel. If you object, you also have a right to appear and argue at the Final Approval Hearing detailed below. In addition, a copy of your objection must also be sent to Class Counsel and counsel for Gemini at the following addresses:

| Counsel for Plaintiff and the Class | Counsel for Gemini |
|---|---|
| Sean A. Petterson | Brett M. Doran |
| Muriel J. Kenfield-Kelleher | Greenberg Traurig, LLP |
| Lieff Cabraser Heimann & Bernstein, LLP | 360 N Green St., Suite 1300 |
| 250 Hudson St., 8th Flr. | Chicago, IL 60607 |
| New York, New York 10013 | |

Any Class Member who does not submit and serve objections in the time and manner described above will not be permitted to raise those objections at the Final Approval Hearing or at any other time. Class Counsel and Gemini will provide your objection to the Court for it to consider at the Final Approval Hearing.

## 9.  WHEN WILL THE COURT HOLD A HEARING ON THE SETTLEMENT?

The final approval hearing is currently scheduled for [DATE], beginning at __:__ .m. before the Honorable Edmond E. Chang in [Courtroom #_ at the United States District Court for the Northern District of Illinois Courthouse, [address] OR ZOOM]. The hearing may be postponed to a later date without further notice. The purpose of the hearing is to determine the fairness, reasonableness and adequacy of the terms of Settlement, whether the proposed Settlement Class is adequately represented by the Settlement Class Representative and Class Counsel, and whether an order and final judgment should be entered approving the proposed Settlement. The Court will also consider Class Counsel's

application for an award of attorneys' fees and litigation costs, as well as a service award.

## 10. <u>WHEN WOULD I GET A PAYMENT?</u>

Following the Final Approval Hearing, if the Court approves the Settlement, there may be a period when appeals can be filed. Once any appeals are resolved or if no appeals are filed, it will be possible to distribute the Settlement Fund. This may take several months to more than a year, if an appeal is involved.

## 11. <u>DO I HAVE A LAWYER IN THIS CASE?</u>

The Court appointed the law firms of Lieff Cabraser Heimann & Bernstein and Milberg Coleman Bryson Phillips Grossman, PLLC to represent you and other Settlement Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 12. <u>HOW WILL THE LAWYERS IN THIS CASE GET PAID?</u>

Class Counsel will ask the Court for an award of attorneys' fees and expenses of 33.33% of the Settlement Fund, or $13,333.33. You have a right to object to Class Counsel's request for attorneys' fees and expenses. If you would like a copy of that request, please contact the Settlement Administrator, as indicated above, or check the Court's docket after [**FEE BRIEF DATE**].

Class Counsel will also ask the Court to award the Class Representative a service award of $1,500, to be paid from the Settlement Fund.

## 13. <u>DO I HAVE TO COME TO THE HEARING?</u>

No. You are welcome to come at your own expense if you wish, but Class Counsel will answer questions the Court may have. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

## 14. <u>HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?</u>

This Notice summarizes the proposed Settlement. More details are in the Agreement on file with the Court and available upon request to the Settlement Administrator or by going to the Court's docket. **You should read the entire Agreement before making any decision about whether to participate in the Settlement**.

**ALL QUESTIONS ABOUT THIS NOTICE, THE CLASS ACTION, OR THE PROPOSED SETTLEMENT SHOULD BE DIRECTED TO THE SETTLEMENT ADMINISTRATOR. PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK'S OFFICE.**
**BY ORDER OF THE COURT.**

EXHIBIT 3

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| NATHANIEL TIMMONS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:21-cv-05427 |
| v. | |
| GEMINI MOTOR TRANSPORT, L.P., an Oklahoma company, | |
| Defendant. | |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This matter coming before the Court on Plaintiff Nathaniel Timmons' Motion and Memorandum in Support of Final Approval of Class Action Settlement (the "Motion"), due and adequate notice having been given to the Settlement Class, after review and consideration of the Parties' Settlement Agreement (the "Agreement") and having been fully advised in the premises, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1.     For the purposes of this Final Approval Order and Judgment ("Final Approval Order and Judgment"), the Court adopts by reference the defined terms set forth in the Parties' Settlement Agreement (the "Settlement Agreement"), attached as Exhibit A to the Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class, filed with the Court on October 24, 2025.

2.     This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objections that were filed

have been considered and are overruled. Accordingly, this Final Approval Order and Judgment binds all members of the Settlement Class who did not opt out.

3.      This Court has jurisdiction over plaintiff, Nathaniel Timmons ("Plaintiff"), the members of the Settlement Class, defendant Gemini Motor Transport, L.P. ("Defendant"), and the claims asserted in this lawsuit. This Court retains continuing and exclusive jurisdiction over this action, Plaintiff, all members of the Settlement Class (defined below), and Defendant to determine all matters relating in any way to this Final Approval Order and Judgment, the Preliminary Approval Order (defined below), or the Settlement Agreement, including, but not limited to, their consummation, administration, implementation, interpretation, construction, or enforcement.

4.      This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, and that it was not collusive.

## Class Certification

5.      On _____, 2025, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled Order Preliminarily Approving Class Action Settlement and Class Notice (the "Preliminary Approval Order").

6.      The Preliminary Approval Order certified the following class solely for purposes of settlement: "All Gemini Motor Transport, L.P. employees with an Illinois residence or Illinois fleet city assignment who operated a Gemini vehicle equipped with a Lytx driver-facing event recorder device in the State of Illinois between December 29, 2016 and October 23, 2025." (the "Settlement Class"). Excluded from the Settlement Class are Gemini, along with its parents, subsidiaries, affiliates and control persons, including its attorneys, officers, directors, or agents, and the immediate family members of such persons, the named counsel in this Action and any employee of their firms, and the judges assigned to the Lawsuit and their staff.

2

7.      In the Settlement Agreement, the Parties agreed that this is a proper class definition solely for purposes of settlement.

8.      The Preliminary Approval Order also appointed Plaintiff Nathaniel Timmons as the Class Representative and appointed Lieff Cabraser Heimann & Bernstein, LLP and Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel.

## Class Notice

9.      Plaintiff submitted the affidavit(s) of _____ from settlement administrator Simpluris (the "Settlement Administrator") to demonstrate that the Notice of Class Action Settlement and Attached Proof of Claim Form (the "Notice") was sent to the Settlement Class as described in the Settlement Agreement. The Court finds that the Notice and the process by which it was published fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this Lawsuit.

## Objections and Opt-Outs

10.      The following members of the Settlement Class filed objections to the settlement: _____. The Court has considered each of these objections carefully and has overruled them. None of these objections raised a valid concern about the Settlement Agreement.

11.      The following persons have requested exclusion and are hereby excluded from the Settlement Class and this case: _____.

**Class Compensation**

12.    Defendant has created a settlement fund totaling $40,000.00 (the "Settlement Fund") to pay Settlement Class members, to pay an incentive payment to the Class Representative, to pay attorneys' fees and expenses to Class Counsel, and to pay settlement administration costs.

13.    Settlement Class members shall receive payment from the Settlement Fund by U.S. Mail as follows:

(a) Illinois Class Members shall each receive approximately $[TO BE CALCULATED] from the Settlement Fund, after the incentive payment to the Class Representative, attorneys' fees and expenses to Class Counsel, and settlement administration costs.

(b) Non-Illinois Class Members shall each receive approximately $[TO BE CALCULATED] from the Settlement Fund, after the incentive payment to the Class Representative, attorneys' fees and expenses to Class Counsel, and settlement administration costs.

No payment shall be made to Settlement Class members for whom the attempt by the Settlement Administrator to provide notice of the Settlement did not succeed and resulted in the notice being returned to the Settlement Administrator as undeliverable. All funds from checks that were not cashed within 90 days after issuance shall be paid on a *pro rata* basis to the Settlement Class Members who timely cashed their initial checks if economically feasible.

**Awards of Incentive Award and Attorneys' Fees and Costs**

14.    The Court approves and awards a $1,500 incentive award, to be paid from the Settlement Fund, to Plaintiff for serving as the Class Representative in this matter. The Court approves and awards to Class Counsel attorneys' fees and expenses in the amount of $13,333.33

(one third of the Settlement Fund) to be paid from the Settlement Fund. These awards are reasonable under applicable law and in line with awards in similar cases.

15.　　The Court approves a payment of $5,000, to be paid from the Settlement Fund, to the Settlement Administrator of its reasonable costs in notifying the Settlement Class and administering the Settlement Fund.

## Releases and Dismissal

16.　　This Lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class (except that the dismissal is without prejudice as to those persons identified above who opted out of the Settlement Class), and without fees or costs except as provided above.

17.　　The Plaintiff and all members of the Settlement Class (except those persons identified above who opted out of the Settlement Class) shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against Defendant pursuant to the terms of the releases set forth in the Settlement Agreement.

18.　　The Court bars and permanently enjoins Plaintiff and all members of the Settlement Class (except those persons identified above who opted out of the Settlement Class), from instituting or prosecuting any action or proceeding, whether as a class or as an individual, against any of the Released Parties for liability in any way related to, arising out of, or based upon the Released Claims.

## Defendant's Denial of Liability

19.　　The Court notes that Defendant denies any liability to Plaintiff or to the Settlement Class for any matter whatsoever. Without conceding any infirmity in its defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Lawsuit is dismissed and that the claims against Defendant be released, on the terms set forth herein, in order

to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Lawsuit.

### **Other Provisions**

20.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

21.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

22.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

Dated:_____     ENTERED:


_____

Hon. Edmond Chang