UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL TIMMONS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>GEMINI MOTOR TRANSPORT, L.P., an Oklahoma company,<br><br>      Defendant. | Case No. 1:21-cv-05427 |

## ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING CLASS NOTICE AND SCHEDULING FAIRNESS HEARING

This matter coming before the Court on the Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"), after review and consideration of the Parties' Settlement Agreement (the "Agreement") and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1. By stipulation of Plaintiff Nathaniel Timmons and Defendant Gemini Motor (collectively "the Parties"), and pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies the following Settlement Class: "All Gemini Motor Transport, L.P. employees with an Illinois residence or Illinois fleet city assignment who operated a Gemini vehicle equipped with a Lytx driver-facing event recorder device in the State of Illinois between December 29, 2016 and the October 23, 2025." Excluded from the Settlement Class are Gemini, along with its parents, subsidiaries, affiliates and control persons, including its attorneys, officers, directors, or agents, and the immediate family members of such persons, the named counsel in this Action and any employee of their firms, and the judges assigned to the lawsuit and their staff. The Parties expressly agreed to this Settlement Class definition for settlement purposes only.

2. The Court finds that class certification is appropriate for settlement purposes because (a) the Settlement Class is so numerous that joinder of all members is impractical, (b) there are common questions of law and fact relating to the settlement that predominate over any questions affecting only individual class members, (c) Plaintiff's claims are typical of the Settlement Class, (d) Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class, and (e) a class action is superior method for the fair and efficient resolution of this controversy.

3. The Court appoints Plaintiff Nathaniel Timmons as the Class Representative and appoints Lieff Cabraser Heimann & Bernstein, LLP and Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel.

4. Pursuant to Federal Rule of Civil Procedure 23, the settlement of this action, as embodied in the terms of the Settlement Agreement, is preliminarily approved, subject to further consideration at the Final Fairness Hearing described below.

5. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court. The Court finds the Agreement was entered into between Plaintiff and Defendant Gemini Motor Transport, L.P. after serious, informed, and arm's-length negotiations by experienced counsel. There were no obvious deficiencies in the Settlement Agreement, and the Settlement Agreement does not improperly grant preferential treatment to Plaintiff or segments of the class. It falls within the range of possible approval.

6. The Settlement Agreement proposes notice to the Settlement Class by U.S. Mail consistent with the terms of the Settlement Agreement. The Court finds that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23, and is the best notice

practicable under the circumstances. The Court further finds that the proposed notice is adequate and appropriate to inform members of the Settlement Class of the terms of the proposed Settlement. The plan is approved and adopted. The Court orders that the Parties provide the notice to the Settlement Class as proposed in the Settlement Agreement. The Court approves the form of the notice as contained in Exhibit 2 to the Settlement Agreement (the "Class Notice"). The Court also approves Simpluris, Inc. as the Settlement Administrator.

7. The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Notice:

    a. By November 12, 2025, Defendant's counsel shall provide to the Settlement Administrator the list of approximately 196 names and mailing addresses compiled by Defendant identifying members of the Settlement Class.

    b. By November 26, 2025, the Settlement Administrator shall send notice to the Settlement Class ("Notice Date");

    c. Plaintiffs shall file their motion for attorneys' fees no later than, January 5, 2026, which is twenty-one (21) days before the Opt-Out Deadline and the Objection Deadline.

    d. Requests by any Settlement Class member to opt out of the settlement must be submitted to Class Counsel and to Defendant's counsel no later than January 26, 2026, which is 60 days after the Notice Date, or be forever barred. Members of the Settlement Class who fail to submit a valid and timely request to opt out shall be bound by all terms of the proposed Settlement and any Final Judgment entered in this Action if the proposed Settlement is finally approved by the Court.; and

    e. Objections shall be filed in this Court and postmarked no later than January 26, 2026, which is 60 days after the Notice Date and shall include a list of all objections previously

filed by the objector in any other class settlement, including the case name, court and case number of such objections, and how much, if any amount, was paid to the objector in connection with or as a result of the objection; moreover, notice of any such objection must be provided to the Parties' respective counsel and postmarked no later than 60 days after the Notice Date, which is January 26, 2026, or be forever barred.

        f.        The final approval hearing, set forth in the Notice, is hereby scheduled for March 3, 2026, which is at least 100 days after the Notice Date, at 12:15 p.m., in Courtroom 2341. At the final approval hearing, the Court shall determine whether the proposed Settlement of the claims against Gemini Motor Transport, L.P., on the terms and conditions provided for in the Settlement, is fair, just, reasonable, and adequate to the Settlement Class and should be finally approved by the Court, and to consider Class Counsel's Fee and Expense Application.

Dated: 11/05/2025

ENTERED:

_Edmond E. Chang_
Hon. Edmond Chang

4