**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NATHANIEL TIMMONS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GEMINI MOTOR TRANSPORT, L.P., an Oklahoma company,<br><br>Defendant. | Case No. 1:21-cv-05427 |

**FINAL APPROVAL ORDER AND JUDGMENT**

This matter coming before the Court on Plaintiff Nathaniel Timmons' Motion and Memorandum in Support of Final Approval of Class Action Settlement (the "Motion"), due and adequate notice having been given to the Settlement Class, after review and consideration of the Parties' Settlement Agreement (the "Agreement") and having been fully advised in the premises, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. For the purposes of this Final Approval Order and Judgment ("Final Approval Order and Judgment"), the Court adopts by reference the defined terms set forth in the Parties' Settlement Agreement (the "Settlement Agreement"), attached as Exhibit A to the Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class, filed with the Court on October 24, 2025. ECF Nos. 153 & 158.

2. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the Settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Accordingly, this Final Approval Order and Judgment binds all members of the Settlement Class who did not opt out.

3. This Court has jurisdiction over plaintiff, Nathaniel Timmons ("Plaintiff"), the members of the Settlement Class, Defendant Gemini Motor Transport, L.P. ("Defendant"), and the claims asserted in this lawsuit. This Court retains continuing and exclusive jurisdiction over this action, Plaintiff, all members of the Settlement Class (defined below), and Defendant to determine all matters relating in any way to this Final Approval Order and Judgment, the Preliminary Approval Order (defined below), or the Settlement Agreement, including, but not limited to, their consummation, administration, implementation, interpretation, construction, or enforcement.

4. This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, and that it was not collusive.

**Class Certification**

5. On November 5, 2025, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled Order Preliminarily Approving Class Action Settlement and Class Notice (the "Preliminary Approval Order"). ECF No. 159.

6. The Preliminary Approval Order certified the following class solely for purposes of settlement: "All Gemini Motor Transport, L.P. employees with an Illinois residence or Illinois fleet city assignment who operated a Gemini vehicle equipped with a Lytx driver-facing event recorder device in the State of Illinois between December 29, 2016 and October 23, 2025" (the "Settlement Class"). Excluded from the Settlement Class are Gemini, along with its parents, subsidiaries, affiliates and control persons, including its attorneys, officers, directors, or agents, and the immediate family members of such persons, the named counsel in this Action and any employee of their firms, and the judges assigned to the Lawsuit and their staff.

7. In the Settlement Agreement, the Parties agreed that this is a proper class definition solely for purposes of settlement.

8. The Preliminary Approval Order also appointed Plaintiff Nathaniel Timmons as the Class Representative and appointed Lieff Cabraser Heimann & Bernstein, LLP and Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel.

**Class Notice**

9. Plaintiff submitted the affidavit(s) of Lisa Pavlik from settlement administrator Simpluris (the "Settlement Administrator") to demonstrate that the Notice of Class Action Settlement and Attached Proof of Claim Form (the "Notice") was sent to the Settlement Class as described in the Settlement Agreement. The Court finds that the Notice and the process by which it was published fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this Lawsuit.

**Objections and Opt-Outs**

10. No members of the Class have filed objections to the Settlement.

11. The following persons have timely requested exclusion and are hereby excluded from the Settlement Class and this case: Jeffrey Wilson and Paul Ochs.

**Class Compensation**

12. Defendant has created a settlement fund totaling $40,000.00 (the "Settlement Fund") to pay Settlement Class members, to pay an incentive payment to the Class Representative, to pay attorneys' fees and expenses to Class Counsel, and to pay settlement administration costs.

13. Settlement Class members shall receive payment from the Settlement Fund by U.S. Mail as follows:

(a) Illinois Class Members shall each receive approximately $124.39 from the Settlement Fund, after the incentive payment to the Class Representative, attorneys' fees and expenses to Class Counsel, and settlement administration costs.

(b) Non-Illinois Class Members shall each receive approximately $49.76 from the Settlement Fund, after the incentive payment to the Class Representative, attorneys' fees and expenses to Class Counsel, and settlement administration costs.

No payment shall be made to Settlement Class members for whom the attempt by the Settlement Administrator to provide notice of the Settlement did not succeed and resulted in the notice being returned to the Settlement Administrator as undeliverable. All funds from checks that were not cashed within 90 days after issuance shall be paid on a *pro rata* basis to the Settlement Class Members who timely cashed their initial checks if economically feasible.

**Awards of Incentive Award and Attorneys' Fees and Costs**

14. The Court approves and awards a $1,500 incentive award, to be paid from the Settlement Fund, to Plaintiff for serving as the Class Representative in this matter. The Court approves and awards to Class Counsel attorneys' fees in the amount of $11,116.63 (32.0% of the Settlement Fund after Settlement administration costs and litigation expenses) and litigation expenses of $216.60 to be paid from the Settlement Fund. These awards are reasonable under applicable law and in line with awards in similar cases.

15. The Court approves a payment of $5,000, to be paid from the Settlement Fund, to the Settlement Administrator of its reasonable costs in notifying the Settlement Class and administering the Settlement Fund.

**Releases and Dismissal**

16. This Lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class (except that the dismissal is without prejudice as to those persons identified above who opted out of the Settlement Class), and without fees or costs except as provided above.

17. The Plaintiff and all members of the Settlement Class (except those persons identified above who opted out of the Settlement Class) shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against Defendant pursuant to the terms of the releases set forth in the Settlement Agreement.

18. The Court bars and permanently enjoins Plaintiff and all members of the Settlement Class (except those persons identified above who opted out of the Settlement Class), from instituting or prosecuting any action or proceeding, whether as a class or as an individual, against any of the Released Parties for liability in any way related to, arising out of, or based upon the Released Claims.

**Defendant's Denial of Liability**

19. The Court notes that Defendant denies any liability to Plaintiff or to the Settlement Class for any matter whatsoever. Without conceding any infirmity in its defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Lawsuit be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Lawsuit.

**Other Provisions**

20. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

21. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

22. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

Dated: 03/03/2026

ENTERED:

Edmond E. Chang

Hon. Edmond Chang
U.S. District Court Judge